UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CVETKO OSTROZNIK,

       Plaintiff

v.

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

Case No. 2:18-10262
District Judge Arthur J. Tarnow
Magistrate Judge Anthony P. Patti

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**: The Court should dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

**II.    REPORT**

On May 10 2018, the Commissioner of Social Security filed a motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction. (DE 9.) The Commissioner explained that Plaintiff filed a claim for Title II disability insurance benefits (DIB) for the first time in March 2009. (DE 9-1 at 9.). He alleged disability beginning October 1, 2008, with a date last insured of December 31, 2008. (*Id.*) His application was denied on August 27, 2009 and he did not seek

review. (*Id.*) Plaintiff filed a claim for Title II DIB benefits again on April 6, 2014, claiming the same impairments and alleged onset date. (*Id.*) Because Plaintiff's first application already adjudicated this period, and the decision was considered administratively final because he did not request review, the ALJ had to determine whether the 2009 application could be reopened. *See* 20 C.F.R. § 404.987. On November 23, 2016, Administrative Law Judge (ALJ) Jacqueline Y. Hall-Keith determined, following a hearing, that Plaintiff has not shown good cause for re-opening the prior claim, and that his current claim was barred by *res judicata*. (*Id.* at 11.) This was not considered a final decision for jurisdictional purposes. *Parker v. Califano*, 644 F.2d 1199, 1201-02 (6th Cir. 1981) ("[A]bsent a colorable constitutional claim, federal courts are without jurisdiction to review the Secretary's denial of benefits on the basis of res judicata.") (citations omitted). Plaintiff has not asserted a constitutional claim here, let alone a "colorable" one. Accordingly, the Commissioner asserts that this Court lacks subject matter jurisdiction in this case because there is no "final decision," as required by 42 U.S.C. § 405(g), and Plaintiff's complaint should be dismissed.

On June 20, 2018, Plaintiff filed a response to the Commissioner's motion, agreeing with the Commissioner that his complaint should be dismissed with prejudice for lack of subject matter jurisdiction, stating that he "is in agreement with and understands the repercussions of the dismissal." (DE 12.)

2

Accordingly, Plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

### III.  PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.*  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections,

in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.*  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: June 25, 2018　　　　　　　　　s/Anthony P. Patti
　　　　　　　　　　　　　　　　　　　Anthony P. Patti
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

### Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on June 25, 2018, electronically and/or by U.S. Mail.

　　　　　　　　　　　　　　　　　　　s/Michael Williams
　　　　　　　　　　　　　　　　　　　Case Manager for the
　　　　　　　　　　　　　　　　　　　Honorable Anthony P. Patti